## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re

Case No. _____
    Amended

**Notice of Preliminary Hearing on Motion [*Check One*]**

    **For Use of Cash Collateral**

Debtor

    **To Obtain Credit**

YOU ARE NOTIFIED THAT:

1.  The undersigned moving party, _____,
    filed a motion [*check one*]

        for use of cash collateral.

        to obtain credit.

    The motion is attached and it includes (1) the statement required by
    Local Bankruptcy Form (LBF) 541.5, Procedures re: Motions for Use of Cash
    Collateral or to Obtain Credit and (2) the following allegations:

    a.  The immediate and irreparable harm that will come to the estate pending a final
        hearing is:

    b.  The amount of [*check one*]    cash collateral    credit necessary to avoid the harm
        detailed above prior to the final hearing is           .

2.  The name and service address of the moving party's attorney (or moving party, if no
    attorney) are:

3.  An evidentiary hearing on the motion, at which witnesses may testify, will be held as
    follows:

**541.1 (12/1/2022)**               Page 1 of 2

**Date:**_____  **Time:** _____

**Location**: Courtroom #_____, _____

Telephone Hearing [*See LBF 888, Telephone Hearing Requirements.*]

**Call In Number:** (888) 684-8852

**Access Code:** 5870400 for Judge David W. Hercher (dwh)

1238244 for Judge Peter C. McKittrick (pcm)

4950985 for Judge Teresa H. Pearson (thp)

3388495 for Judge Thomas M. Renn (tmr)

Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

4. If you wish to object to the motion, you must attend the preliminary hearing, file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401, or both attend the hearing and file a written response.

If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule 9004-1(b).

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent (or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)), any creditors' committee attorney, the U.S. trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____

Signature of Moving Party or Attorney                                      OSB #

_____

(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

**Timothy A. Solomon**, OSB 072573
  Direct:  971.634.0194
  Email:  tsolomon@LLG-LLC.com
**Stephen A. Raher**, OSB 095625
  Direct:  971.867.2440
  Email:  sraher@LLG-LLC.com
**LEONARD LAW GROUP LLC**
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
Fax:  971.634.0250

  Proposed Counsel for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 23-31368-pcm11 |
| **Heritage Specialty Foods, LLC,** | **MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING** |
| Debtor. | |

Pursuant to 11 U.S.C. § 364(c)(1), Federal Rule of Bankruptcy Procedure 4001(c), and Local Bankruptcy Rule 4001-1(b), Heritage Specialty Foods, LLC (the "**Debtor**"), hereby moves for entry of an order authorizing the Debtor to obtain secured post-petition financing and scheduling an interim and final hearing. This motion is supported by the Declaration of Shane Hendren in Support of First-Day Motions (the "**Hendren Declaration**").

### **STATEMENT REQUIRED BY LBF 541.5(5)(b)**

The proposed order granting this motion does not contain any of the "discouraged provisions" listed in section 5 of Local Bankruptcy Form 541.5.

**Page 1 of 7 – MOTION TO OBTAIN POSTPETITION FINANCING**

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

Case 23-31368-pcm11    Doc 20    Filed 06/23/23

<u>**GENERAL BACKGROUND**</u>

1.      On June 23, 2023 (the "**Petition Date**"), the Debtor commenced the above-captioned case by filing a voluntary petition under subchapter V of chapter 11, title 11 of the U.S. Code (the "**Bankruptcy Code**").

2.      The Debtor is continuing to operate its businesses and property as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108 (applicable via section 1181(a) of the Bankruptcy Code).

3.      No trustee or examiner has been requested or appointed.

4.      The Debtor is a family-owned manufacturer of small-batch, kettle-cooked foods made from high-quality fresh ingredients. The company specializes in ready-to-eat products including soups, chilis, chowders, entrees, sauces, and marinades. The company's primary sales channels are local and regional retail markets, club stores, and foodservice outlets. Hendren Decl. ¶ 3.

5.      Members of the Kharif family founded the Debtor in 2008. Two years later, members of the Hendren family joined the Kharifs, and the two families (collectively, the "**Heritage Families**") have owned and operated the company since that time. *Id.* ¶ 4.

6.      The Debtor's chapter 11 filing is necessary because the company experienced impacts from Covid followed by a period of rapid growth and financial challenges related to the costs of expansion and relocation to new leased premises. *Id.* ¶¶ 7-12.

7.      The Debtor has a borrowing relationship with Zions Bancorporation, N.A. doing business as The Commerce Bank of Oregon ("**Commerce Bank**") and its predecessors, dating from 2015, when the company executed a promissory note and related loan documents secured by two parcels of real estate owned by related parties and used by the Debtor.  That loan is currently structured as a borrowing base revolving line of credit and serves as the company's sole operating facility. The Debtor also has two equipment loans with Commerce, and has guaranteed loans that Commerce Bank made to certain of the Debtor's affiliates. *Id.* ¶¶ 17-18.

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

8.      The Debtor has a purchase-to-order business model that involves a quick inventory turn and rapid conversion to accounts receivable.  It is also a highly seasonal business, with the company typically earning half of its revenue in the last four months of the calendar year. As the Debtor entered its slow season after the beginning of 2023, it became impossible to meet commitments to vendors. Also early in the year, Commerce Bank informed HSF that it wanted to terminate the LOC, which was set to expire on May 31, 2023. *Id.* ¶ 13.

9.      The Debtor's accumulation of debt has become untenable, but the underlying causes of the situation are a combination of one-time events (*e.g.*, fallout from Covid and leasehold improvement cost overruns) and fixable issues (*e.g.*, improved labor management and more accurate pricing). The Debtor has been profitable in the past and has a viable core business that is worth saving for the sake of the creditors, employees, customers, and the family owners. *Id.* ¶ 20.

10.      Now that this chapter 11 case has been commenced, the Debtor requires use of cash to maintain its operations, maximize its value as a going concern, and increase its inventory in preparation for the seasonal increase in business anticipated during the last four month of 2023.

11.      The Debtor has sought lenders who would be willing to advance funds to the Debtor, during the pendency of this chapter 11 proceeding on a secured or unsecured basis, but has not found any person or entity willing to lend on that basis on workable terms. Certain members of the Heritage Families (the **"Family Lenders"**), identified below, are willing to advance funds to the Debtor on a secured basis. *Id.* ¶ 32.

## JURISDICTION

12.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and District of Oregon Local Rule 2100-2(a). Venue is proper in this district under 28 U.S.C. § 1408. This is a core matter under 28 U.S.C. § 157(b)(2)(A), (M), and (O). The statutory predicate for the relief requested herein is 11 U.S.C. § 363(c).

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

# RELIEF REQUESTED

13.     Debtor seeks entry of an order (substantially in the form attached hereto as **Exhibit A**) authorizing it to borrow from the Family Lenders and grant such lenders a lien on all of the Debtor's property pursuant to the terms described in more detail below.

14.     The Family Lenders have agreed to advance a collective total of up to $1.2 million to the Debtor (the **"Family DIP Loans"**) upon approval of the court and pursuant to loan agreements substantially in the form set forth in **Exhibit B** hereto (the **"Loan Agreement"**). Hendren Decl. ¶ 33(a).

15.     The Family DIP Loans will bear interest at the rate of %10 per annum. *Id.* ¶ 33(b).

16.     The Debtor will make monthly interest-only payments to the Family Lenders, which payments have been provided for in the budget submitted in support of the Debtor's motion for authority to use cash collateral. *Id.* ¶ 33(c).

17.     The Debtor will be obligated to repay the Family DIP Loans in full upon the earlier of the effective date of a confirmed chapter 11 plan, dismissal of this bankruptcy case, or conversion of this case to a case under chapter 7 of the Bankruptcy Code. *Id.* ¶ 33(d).

18.     The Debtor's obligations under the Family DIP Loans will be secured by a lien on all of the Debtor's property pursuant to 11 U.S.C. § 364(d). With respect to any of Debtor's property that is encumbered by an enforceable lien of Commerce Bank, the Family Lenders' lien will be subordinate to Commerce Bank, but only to the extent of the value of Commerce Bank's prepetition collateral. *Id.* ¶ 34. By way of example, the table on the following page presents the estimated collateral position of Commerce Bank at the time of filing with respect to accounts receivable and inventory, which together constitute the collateral base for the line of credit.

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

| Estimated Collateral Positions | | | | |
|---|---|---|---|---|
| **Heritage Specialty Foods Collateral Analysis** | **6/22/2023** | **9/17/2023** | | |
| | Commerce Collateral as of Petition | Total of both Lenders' Collateral | Commerce Share of Collateral | Difference = DIP Collateral |
| Accounts Receivable | $ 881,128 | $ 2,120,409 | $ 881,128 | $ 1,239,281 |
| Less ineligible | (12,940) | (12,940) | (12,940) | - |
| Total Eligible | 868,188 | 2,107,469 | 868,188 | 1,239,281 |
| Inventory | 1,252,291 | 1,847,645 | 1,252,291 | 595,355 |
| Less Ineligible | (217,635) | (217,635) | (217,635) | - |
| Total Eligible Inventory | 1,034,655 | 1,630,010 | 1,034,655 | 595,355 |
| Total Collateral | 2,133,419 | 3,968,055 | 2,133,419 | 1,834,636 |
| Less ineligible | (230,575) | (230,575) | (230,575) | - |
| Total Eligible Collateral | $ 1,902,843 | $ 3,737,479 | $ 1,902,843 | $ 1,834,636 |
| Loan Balance | (1,386,470) | (2,136,470) | (1,386,470) | (750,000) |
| Excess Eligible Collateral | $ 516,373 | $ 1,601,009 | $ 516,373 | $ 1,084,636 |

The column on the far left shows the full value of the Debtor's accounts receivable and inventory (in each case less ineligible amounts) with a total eligible collateral base of approximately $1.9 million. The three columns on the right show the projected accounts receivable and inventory on September 17, 2023 (a date chosen at random for the sake of example). On that date, the Debtor projects accounts receivable of $2.1 million and inventory of $1.8 million – a growth of collateral made possible only by funds provided by the Family Lenders pursuant to this motion. The column on the far right shows an amount of approximately $1.8 million of collateral securing the Family Lender loans, consisting of the total collateral at that time less Commerce Bank's prepetition collateral of $1.9 million.

19.    The Debtor has filed a claim with the Internal Revenue Service seeking payment of $1,161,866, as an "employee retention credit" pursuant to section 2301 of the Coronavirus Aid, Relief, and Economic Security Act, Public Law 116-136, 134 Stat. 281 (March 27, 2020) (and as amended by sections 206 and 207 of the Taxpayer Certainty and Disaster Tax Relief Act of 2020, enacted as Division EE of the Consolidated Appropriations Act, 2021, Public

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

Law 116-260, 134 Stat. 1182 (December 27, 2020), and extended by section 9651 of the American Rescue Plan Act of 2021, Public Law 117-2, 135 Stat. 4 (March 11, 2021)) (the **"ERC"**). *Id.* ¶ 35

20.　　To the extent Commerce Bank claims a lien on any funds that the Debtor may receive on account of its ERC claim, it cannot attach to the post-petition receipt of ERC funds due to the operation of 11 U.S.C. § 552. The Debtor seeks to grant the Family Lenders a senior lien on any funds it may subsequently receive on account of the ERC. *Id.* ¶ 36.

## GROUNDS FOR RELIEF REQUESTED

21.　　In addition to using Commerce Bank's cash collateral, the Debtor needs additional working capital in order to build its inventory in preparation for its busy season. Hendren Decl. ¶ 32

22.　　The Debtor has sought lenders who would be willing to advance funds to the Debtor, during the pendency of this chapter 11 proceeding on a secured and on an unsecured basis, but has not found any person or entity willing to lend on those terms on a workable basis. Certain members of the Heritage Families (the **"Family Lenders"**) identified in the accompanying Motion for Interim and Final Orders Authorizing Debtor to Obtain Postpetition Financing are willing to advance funds to the Debtor on a secured basis. *Id.*

## NOTICE

23.　　The Debtor has provided notice of this Motion to the Debtor's secured creditors, the 20 largest unsecured creditors, the Office of the United States Trustee, the subchapter V trustee, and entities that may assert an interest in the Debtor's cash collateral. The Debtor contends that such steps constitute good and sufficient notice and that no other or further notice need be given under the circumstances.

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

## CONCLUSION

24.    For the reasons stated herein, the Debtor requests that the Court enter an

Order, substantially in the form attached hereto as Exhibit A, granting the relief sought in this

motion, and such other and further relief as the Court may deem proper.

DATED:  June 23, 2023

LEONARD LAW GROUP LLC

By:   */s/ Stephen A. Raher*
      Timothy A. Solomon, OSB 072573
      Stephen A. Raher, OSB 095625
Proposed Counsel for Debtor and
Debtor in Possession

**Page 7 of 7 –  MOTION TO OBTAIN POSTPETITION
          FINANCING**

LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 23- |
|---|---|
| **Heritage Specialty Foods, LLC,** | **INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING** |
| Debtor. | |

This matter came before the Court pursuant to the Debtor's Motion for Interim and Final Orders Authorizing Debtor to Obtain Postpetition Financing (the "**Motion**"). Based on the Motion and the documents submitted in support thereof, including the Declaration of Shane Hendren in Support of First Day Motions, the arguments of counsel, and the records and files herein, it is hereby ORDERED as follows:

1.      The Loan Agreement is approved in its entirety, subject to the filling in of blanks and provided that the aggregate amount borrowed from Family Lenders (as defined in the Motion) does not exceed $1.2 million.

2.      The Debtor is authorized to execute and deliver the Loan Agreement to any Family Lender who agrees to advance funds pursuant thereto.

3.      The Debtor is authorized to incur indebtedness up to $1.2 million on an interim basis pending a final hearing under the terms of the Loan Agreement and otherwise make such payments and perform such obligations as required or permitted under the terms thereof.

4.      Any Family Lender advancing funds under a Loan Agreement is granted, pursuant to section 364(d) of the Bankruptcy Code, a perfected lien on all of the Debtor's property (the "**DIP Lender Lien**"); provided, however, that the DIP Lender Lien is subordinate to:

a.      any security interest held by Zions Bancorporation, N.A., doing business as The Commerce Bank of Oregon (**"Commerce Bank"**) and attaching to inventory, accounts, or equipment in the Debtor's possession on the Petition Date or proceeds thereof, but only to the extent of the value of Commerce Bank's prepetition collateral; and

b.      prepetition, perfected, valid, binding, enforceable, and non-avoidable purchase money security interests to the extent that such security interests are determined to be perfected, valid, binding, enforceable, and non-avoidable.

5.      If any provision or provisions of this Order are subsequently reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay will not impair the validity of any obligation to the Family Lenders that is or was incurred by the Debtor pursuant to this Order, and that is or was incurred prior to the effective date of such reversal, modification, vacation, or stay.

6.      A final hearing on the Debtor's Motion will be held by this Court on _____, 2023, at _____.

# # #

## CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

<u>Presented by</u>:

LEONARD LAW GROUP LLC

[*draft proposed order*]
_____

Timothy A. Solomon, OSB 072573
Stephen A. Raher, OSB 095625
Proposed Counsel to Debtor and Debtor in Possession

# DEBTOR-IN-POSSESSION LOAN AGREEMENT

This Agreement is made as June ____, 2023, between Heritage Specialty Foods, LLC, an Oregon limited liability company (**"Borrower"**) on the one hand, and _____ (**"Lender"**) on the other hand, for the purposes stated herein.

1.    <u>The Bankruptcy Proceedings</u>. Borrower is a debtor and debtor-in-possession in a bankruptcy case pending in the United States Bankruptcy Court for the District of Oregon (the **"Bankruptcy Court"**) as Case No. 23-_____-___11, (the **"Bankruptcy Case"**). The execution, delivery, and performance of this Agreement have been authorized pursuant to an order of the Bankruptcy Court entered in the Bankruptcy Case.

2.    <u>DIP Credit Facility</u>. Borrower may obtain loans or advances under this Agreement in an amount up to $_____ for general operating purposes and payment of administrative and other expenses associated with the Bankruptcy Case.

3.    <u>Advances</u>. A schedule for recording advances by Lender, and payments of principal and interest by Borrower, is attached as <u>Exhibit 1</u>. Lender is authorized to endorse the date and amount of each advance and each payment of the indebtedness reflected by this Agreement on Exhibit 1, or on any continuation of Exhibit 1, or on any ledger or other record customarily maintained by Lender. That endorsement, in the absence of manifest error, shall constitute prima facie evidence of the accuracy of the information so endorsed.

4.    <u>Interest</u>. Borrower promises to pay interest on the unpaid principal outstanding under this Agreement from the date each sum is loaned or advanced to Borrower through the date of payment to Lender at a rate of 10% per annum. Interest shall be calculated on the basis of a year deemed to consist of 365 days.

5.    <u>Periodic Payments</u>. On August 1, 2023, and on the first day of each succeeding calendar month through and including the Maturity Date (as defined below), Borrower shall make payment to Lender of all interest that has accrued on the unpaid balance due under this Agreement.

6.    <u>Maturity Date</u>. Borrower shall pay all indebtedness owing under this Agreement in full on the earlier of: (a) the date on which any plan of reorganization confirmed in the Bankruptcy Case becomes effective, or (b) the date of entry of an order by the Bankruptcy Court dismissing the Bankruptcy Case or converting the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code.

7.    <u>Security Interest</u>. Subject to section 8, below, the obligations of Borrower under this Agreement are: (a) entitled to priority status pursuant to 11 U.S.C. § 364(c)(1); and (b) secured by a valid, binding, continuing and enforceable, priming lien on and security interest in all of the Debtor's tangible and intangible property pursuant to 11 U.S.C. § 364(c) and (d). The security interest granted herein is perfected upon authorization of the Bankruptcy Court and execution of this agreement, without the need for the execution of any additional instruments.

8.    <u>Subordination</u>. Notwithstanding any other provision of this Agreement, Borrower and Lender agree that the security interest created herein is junior and subordinate to: (a) any

**Page 1 – DIP LOAN AGREEMENT**

security interest held by Zions Bancorporation, N.A., doing business as The Commerce Bank of Oregon and attaching to the Debtor's inventory, accounts, or equipment, or (b) prepetition, perfected, valid, binding, enforceable, and non-avoidable purchase money security interests to the extent that such security interests are determined to be perfected, valid, binding, enforceable, and non-avoidable.

9. <u>Waiver</u>. Borrower hereby waives presentment, demand, notice of nonpayment, and all other notices and acts to which Borrower might otherwise be entitled under applicable law. No delay or omission on the part of Lender in the exercise of any right or remedy, whether before or after any event of default, shall operate as a waiver or impair Lender's right to fully and strictly enforce such right or remedy and every other provision of this Agreement.

10. <u>Conflicts</u>. To the extent that any provision of this Agreement conflicts with any order of the Bankruptcy Court authorizing Borrower to obtain financing, the terms of such court order will control.

In witness hereof, the parties have executed this Agreement as of the date first written above:

**LENDER:**

_____
[name]

**BORROWER:**

HERITAGE SPECIALTY FOODS, LLC

By: _____

Print Name: _____

Title: _____

**Exhibit 1**

**Schedule of Advances and Payments**

**All Amounts in U.S. Dollars**

| DATE | PRINCIPAL ADVANCE | INTEREST | PAYMENT | CUMULATIVE BALANCE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Total |  |  |  |  |