Tara J. Schleicher, OSB No. 954021
121 SW Morrison St., 11th Floor
FOSTER GARVEY P.C.
Portland, OR 97204
Telephone: (503) 228-3939
Facsimile: (503) 226-0259
Email: tara.schleicher@foster.com

*Counsel for Zions Bancorporation, N.A.
d/b/a The Commerce Bank of Oregon*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Heritage Specialty Foods, LLC,<br><br>　　　　　　　　Debtor. | Case No. 23-31368-pcm11<br><br>**ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN PURSUANT TO 11 U.S.C. § 1193(B)** |

　　　　Zions Bancorporation, N.A., d/b/a The Commerce Bank of Oregon (the "**Bank**") submits the following objections (this filing, the "**Objection**") to *Debtor's Motion to Modify Plan of Pursuant to 11 U.S.C. § 1193(b)* [Dkt. No. 262, 263 and 265] (the "**Modification Motion**"). In support of this Objection, the Bank relies upon the *Declaration of Salvador Lopez in Support of Zions Bancorporation, N.A. d/b/a The Commerce Bank of Oregon's Objection to Debtor's Motion to Modify Plan*, filed contemporaneously herewith (the "**Lopez Dec.**") and the previously filed *Declaration of Nancy Lam in Support of Zions Bancorporation, N.A. dba The Commerce Bank of Oregon's Objection to Stipulated Order Approving Non-Adverse Modification to Confirmed Chapter 11 Plan of Reorganization* (Dkt. No. 259) (the "**Lam Dec.**") and respectfully states as follows:

PAGE 1 OF 7 - ZIONS BANCORPORATION, N.A.
D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO
DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939　FAX (503) 226-0259

Case 23-31368-pcm11　　Doc 267　　Filed 06/05/24

## BACKGROUND

1. On June 23, 2023, Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Oregon (the **"Court"**).

2. The Debtor filed its First Amended Plan of Reorganization For Small Business Under Chapter 11 (November 27, 2023) [Dkt. No. 202] (the "**Plan**") on November 27, 2023.

3. On November 30, 2023, the Court entered an order confirming the Debtor's First Amended Plan of Reorganization dated November 27, 2023 under 11 U.S.C. § 1191(a). [Dkt. No. 215] (the "**Confirmation Order**").

4. The Effective Date of the Plan, as defined at Article 8.2, is "the first business day following the date that is fourteen days after the Bankruptcy Court's entry of Confirmation Order." That date is December 14, 2023.

5. Under Article 7.1 of the Plan, on the Effective Date, "all property of the bankruptcy estate [vested] in the Debtor pursuant to 1186(b) of the [Bankruptcy] Code" and the Debtor began using, disposing of and otherwise dealing with its property and conducting its affairs without supervision of the Court and free of any restrictions imposed by the Bankruptcy Code, but subject to any restrictions expressly imposed by the Plan or the Confirmation Order.

6. The Debtor has made certain distributions required under the Plan to the Bank since the Effective Date. (Lam Dec., ¶3).

7. Pursuant to the Order Awarding Final Compensation and Reimbursement to Professionals entered by this Court on February 12, 2024, Debtor's counsel and its financial consultant were allowed fees of over $480,000, with over $160,000 of that authorized to be paid by the Debtor post-confirmation after application of remaining retainers. (Dkt. No. 242). It is likely that those payments on these administrative expenses were made because the Plan provides that the holders of those administrative expense claims "will be paid in full on the Effective Date, in cash, or upon such terms as may be mutually agreed upon by the Debtor and the holder of such claim." (Plan, §3.2). The professionals surely applied their remaining retainers of over $324,000 and there is no evidence in the record that they did not also receive

PAGE 2 OF 7 - ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939 FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24

the cash payments of over $160,000.

8. The Plan called for Loan Modifications for the Class 1 and 2 claims of the Bank and a new Promissory Note for Class 3 ("the **Loan Documents**"). (Lopez Dec., ¶2). In mid to late February of 2024, the Bank and the Debtor reached agreement and the Debtor executed loan documents as called for under the Plan. *Id*. *Id.* It took a fair amount of time for the parties to work out the details of the Loan Documents, but all three documents were executed by the Bank shortly after the Bank received the signed versions from the Debtor. *Id.* Through inadvertence, the copies signed by the Bank were not delivered to the debtor until after the Debtor filed the Modification Motion. *Id.*

9. On March 19, 2024, the Debtor requested an $80,000 advance on the line of credit. In response, Mr. Lopez had explained to the Debtor that it would take some time to onboard the Loan Documents into the Bank's system. (Lopez Dec., ¶3). The Debtor stated that it understood that and agreed to be patient. *Id.* After that, the Debtor did not make any other requests for an advance.

10. The Debtor provides borrowing base certificates ("**BBCs**") to the Bank. (Lopez Dec., ¶4). While early post-confirmation the BBCs indicated that there was a positive borrowing base, all the BBCs from the week ending April 15, 2024 demonstrate a deficit in the borrowing base on the Class 1 line of credit. *Id.* True and correct copies of the BBCs provided by the Debtor to the Bank from the week ending April 15, 2024 to date are attached hereto as Exhibit A to the Lopez Dec. *Id.* The BBCs in Exhibit A show deficits in the borrowing base ranging from $73,220 to $429,504.41 (the most recent dated June 2, 2024).

## **OBJECTION**

Under 11 U.S.C. § 1193(b) of the Bankruptcy Code, a subchapter V plan that has been confirmed consensually under § 1191(a) cannot be modified after confirmation and substantial consummation of the plan. Here, confirmation has clearly occurred because this Court entered the Confirmation Order. And it was entered under § 1191(a) as a consensual plan. In other words, all impaired creditors consented to confirmation of the Plan – a plan pursuant to which

PAGE 3 OF 7 - ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939  FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24

the Bank was to receive payment on its Class 1 claim in full on or before June 30, 2024.

Substantial consummation is defined under 11 U.S.C. §1101(2) as comprised of three parts: (1) transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor of the business or management of all or substantially all of the property dealt with by the plan; and (3) commencement of distributions under the plan.

In this case, all three conditions for substantial consummation have occurred.

First, under Article 7.1 of the Plan, all property of the bankruptcy estate was transferred and vested in the Debtor on the Effective Date.

Second, the Debtor has been managing its business and all the property dealt with by the Plan since the Effective Date. See Plan, Article 7.1. The fact that the Debtor has been managing its business and all the property dealt with by the Plan since the Effective Date is further demonstrated by the BBCs completed by the Debtor and submitted to the Bank, showing that the Debtor has been making its products, selling them and creating accounts receivable. (Lopez Dec., Exh. A).

Third, the Debtor has commenced making distributions under the Plan, as demonstrated by the distributions made by the Debtor to the Bank on account of the Bank's claims under the Plan. (Lam Dec., ¶3). Further, it appears that the Debtor has made distributions in the form of retainer applications for approved fees of over $324,000 to its professionals and there is no evidence that the cash payments of over $160,000 to the professionals were not made.

"Commencement of distributions under the plan" under §1101(2) occurs when the first distribution under the plan is made. COLLIER ON BANKRUPTCY (16TH ED.), ¶1193.03 *(citing, In re National Tractor Parts, Inc.*, 640 BR 916, 922 (Bankr. N.D. Ill. 2022) (a subchapter V case holding that the third requirement for substantial confirmation occurs "once any payment to any creditor is made"); *see also, In re Antiquities of Nevada, Inc.*, 173 BR 926, 929-930 (9th Cir. BAP 1994) (holding that third component of substantial confirmation requires "only commencement" of distributions to creditors (*quoting In re Hayball Trucking, Inc.*, 67 BR 681 (Bankr. E.D. Mich. 1986)).

PAGE 4 OF 7 - ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

FOSTER GARVEY PC
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939 FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24

Given that the Debtor's Plan has been substantially consummated, the Plan cannot be modified. 11 U.S.C. 1193(b) (stating that the plan would have to be confirmed "as modified under section 1191(a)"). A previously confirmed subchapter V consensual plan cannot be modified unless the modified plan is once again confirmed under §1191(a) as consensual.[1] The Bank objects to the Modified Plan because it extends the deadline for payment on the Bank's Class 1 Claim for 18 months (from June 30, 2024 to December 31, 2025). Therefore, because the Bank, as an impaired creditor, objects to the Modification Motion, the Modified Plan cannot meet the requirements of 11 USC 1191(a) as a consensual plan and, thus, cannot be confirmed under 1193(b).

The Debtor appears to contend alleged actions or lack of action by a creditor authorizes a Debtor to modify a previously confirmed consensual plan. The Debtor cites no authority to support that position; nor can it because none exists. Regardless, to correct the record in this case, the Bank submits the Lopez Dec. which establishes that: (1) the Bank signed the Loan Documents (as that term is defined in the Lopez Dec.) shortly after receiving the Debtor's signatures on them; (2) the Bank inadvertently failed to provide the Loan Documents countersigned by the Bank to the Debtor, but has since provided the Debtor with those signatures; (4) the Bank informed the Debtor in response to a request for an advance in late March of 2024 that it would take some time to onboard the Loan Documents and the Debtor said it understood that and would be patient; and (5) beginning in April 2024, the Debtor's BBCs have demonstrated that the Bank's borrowing base has decreased in value with a deficit in the latest report dated June 2, 2024 of $429,504.41. (Lopez Dec., ¶¶ 2-4; Exh. A, p. 8). Even if there was authority allowing a Debtor to modify a previously confirmed consensual subchapter V plan for alleged actions of a given creditor, there are no factual grounds to support any alleged wrongdoing by the Bank in this case.

---

[1] Modification of a subchapter V plan provides creditors and other interested parties with the opportunity to object under Fed. R. Bankr. Pro. 3019(c) (incorporating requirements of 3019(b) and the opportunity to reject the plan as modified under §1193(d) within the time fixed by the court).

PAGE 5 OF 7 - ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939  FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24

WHEREFORE, the Bank respectfully requests that the Court deny the Modification Motion for the reasons set forth herein and grant any other relief as is appropriate under the circumstances.

DATED this 5th day of June, 2024.

**FOSTER GARVEY P.C.**

*/s/ Tara J. Schleicher*
Tara J. Schleicher, OSB No. 954021
121 SW Morrison St., 11th Floor
Portland, OR 97204
Telephone: (503) 228-3939
Facsimile: (503) 226-0259
Email: tara.schleicher@foster.com

*Counsel for Zions Bancorporation, N.A.*
*d/b/a The Commerce Bank of Oregon*

PAGE 6 OF 7 - ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11TH FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939  FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be served the foregoing **ZIONS BANCORPORATION, N.A. D/B/A ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN PURSUANT TO 11 U.S.C. § 1193(B)** upon the following counsel of record:

- NATHAN ROBERT BENDER
  nathan.bender@usdoj.gov; nicole.smith@usdoj.gov; ilana.quesnell@usdoj.gov
- KATHRYN EVANS
  Kathryn.Evans@usdoj.gov
- ANDREW J GEPPERT
  gepperta@lanepowell.com, pinkleyl@lanepowell.com; docketing-pdx@lanepowell.com
- ZOE HABEKOST
  zhabekost@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- NICHOLAS J HENDERSON
  nick@elevatelawpdx.com, paige@elevatelawpdx.com; troy@elevatelawpdx.com; courtnotices@elevatelawpdx.com;hendersonnr86571@notify.bestcase.com
- Amy E Mitchell
  mitchelltrustee@comcast.net, OR21@ecfcbis.com
- STEPHEN A RAHER
  sraher@LLG-LLC.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- TIMOTHY A SOLOMON
  tsolomon@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- US Trustee, Portland
  USTPRegion18.PL.ECF@usdoj.gov
- CAROLYN G. WADE on behalf of Creditor Oregon Department of Revenue
  carolyn.g.wade@doj.state.or.us
- BRITTA E WARREN
  britta.warren@bhlaw.com, hkt@bhlaw.com
- DANIEL ALEXANDER YOUNGBLUT
  dan.youngblut@foster.com, sandra.lonon@foster.com,litdocket@foster.com

And by the following indicated method on the date set forth below:

☒ **CM/ECF system transmission.**

DATED this 5th day of June, 2024.

*/s/ Tara J. Schleicher*
Tara J. Schleicher

PAGE 7 OF 7 - CERTIFICATE OF SERVICE – ZIONS BANCORPORATION, N.A. D/B/A THE COMMERCE BANK OF OREGON'S OBJECTIONS TO DEBTOR'S MOTION TO MODIFY PLAN

**FOSTER GARVEY PC**
121 SW MORRISON STREET, 11ᵀᴴ FLOOR
PORTLAND, OREGON 97204
PHONE (503) 228-3939  FAX (503) 226-0259

Case 23-31368-pcm11    Doc 267    Filed 06/05/24